The Honorable Fred Roche Secretary Department of Professional Regulation 130 North Monroe Street Tallahassee, Florida 32301
Dear Secretary Roche:
This is in response to your request for an opinion on substantially the following question:
 WHEN AND TO WHAT EXTENT IN THE GRADE REVIEW PROCESS PROVIDED FOR BY CH. 455, MUST EXAMINATION ITEMS BE MADE AVAILABLE FOR INSPECTION BY ATTORNEYS AND EXPERT WITNESSES EMPLOYED BY CANDIDATES FOR PROFESSIONAL LICENSES?
Your inquiry states that the Department of Professional Regulation is concerned about security of its examinations and that, in order for your department to exercise its duties under both Ch. 455 and Ch. 119, F.S., you need to know when and to what extent in the `grade review process' must examination items be shown to attorneys and expert witnesses for license candidates. You also ask (assuming that the candidate's challenge progresses to an administrative hearing) how the security of examination items can be maintained and content of the exam kept from the audience which may contain applicants and future candidates for licenses. Supplemental information supplied by you to our office furnishes the following description of the grade review process: the candidate first receives a notice of failure of the exam and then has 30 days in which to request a grade review, for appeal purposes. The candidate is then scheduled to come to Tallahassee and review the examination and, at that time, makes written objections to any questions or procedures in the examination. These objections are left with the Office of Examination Services and are referred to the Examination Development Specialist for inspection and recommendation regarding the merits of the objections. If merit is found in the objections, additional points may be awarded to the candidate, upon approval of the professional board involved. Whether or not additional points are awarded, the candidate is notified in writing of his/her final grade and if this grade is below passing, the candidate is given 30 days in which to request a formal hearing.
Section 455.217(2), F.S. (1982 Supp.), requires each regulatory board within the department or, when there is no board, the department to `make available an examination review procedure forapplicants' (e.s.) and further provides that an applicant is generally `entitled to review his examination questions, answers, papers, grades, and grading key.'
Note also s 455.229, F.S., which provides:
 All information required by the department of any applicant shall be a public record and shall be open to public inspection pursuant to s. 119.07, except financial information, examination questions, answers, papers, grades, and grading key, which shall not be discussed with or made accessible to anyone except members of the board, the department, and its staff who have a bona fide need to know such information. (e.s.)
Additionally, s 119.07(3)(c), F.S. (1982 Supp.), should be read in pari materia with the above language from Ch. 455. That subsection provides that examination questions and answer sheets of examinations administered by a governmental agency for the purpose of licensure, certification or employment shall be exempt from the requirements of s 119.07(1)(a) (custodian's duty to allow inspection and examination of public records by any person, and duty to furnish copies of such records). However, subsection (3)(c) also provides that `an examinee shall have the right to review his own completed examination.' See also, Rule 21-11.11, F.A.C. (which specifies a procedure for candidate review of completed examination questions, answers, papers, grades and grading key).
I also note that security procedures during this review are quite stringent. See, Rule 21-11.11(2), (3)(c)(d)(f)(g), F.A.C. The candidate must conduct the review in the presence of a representative of the department, is not allowed to copy questions from the text booklet, but may make written objections on official forms, and must leave these objections and any questions he may have with the department. The candidate is allowed to take with him a form listing the question numbers he finds objectionable. See also, AGO 81-12 (concluding that the right of limited access review granted by s 119.07(3), F.S., does not include the right to make a copy of a completed examination).
The above-referenced statutes set up a candidate's completed examination and related papers as `limited-access' records, ostensibly available for inspection only by an examinee and certain designated personnel within the department, who have a bona fide need to know such information. For the reasons set forth below and in light of the express language of s 119.07(3)(c), F.S. (1982 Supp.), and ss 455.217(2) and 455.229, F.S., I am compelled to conclude that it was the intent of the Legislature that an examinee's completed examination and related papers be open only for his personal perusal and inspection (or to members of affected boards, the department and its staff) and are not available for inspection by his attorney or expert consultant during that stage of the review described in Rule 21.11-11.
However, it is apparent that examination materials would be subject to a request for production of documents or subpoena during discovery prior to an administrative hearing and would thus become available to counsel and in turn, his expert consultants in connection with the hearing. See, s 120.58(1)(b), F.S. (empowering a hearing officer to issue subpoenas and effect discovery on the written request of any party by any means available to the courts and in the manner provided in the Florida Rules of Civil Procedure). Moreover, I am not aware of any provision of Chs. 119, 120, or 455 which would make such materials inadmissible in a s120.57 hearing. See also, s 120.58(1)(a) (standards for evidence in s 120.57 proceedings). Compare, AGO 81-65 (discussing various statutes making certain documents and information confidential or privileged and inadmissible in evidence in court).
In AGO 81-12, I discussed the breadth of the proviso contained in s 119.07(3)(c), F.S., and noted the general rule that purpose of a proviso is not to enlarge or extend the act of which it is a part, but rather that its purpose is to serve as a limitation on the language employed therein, and that a proviso is to be strictly construed and limited to the objects fairly within its terms. E.g., Farrey v. Bettendorf, 96 So.2d 889, 893 (Fla. 1957). Applying this rule to the language of the proviso that states `an examinee shall have the right to review his own completed examination,' (e.s.) I must conclude that this right of review is limited to the examinee and cannot be extended to his attorney or his expert witness(es) prior to the initiation of discovery, as allowed by s 120.58(1)(b), and in connection with his examination review hearing provided for by Rule 12-11.12, F.A.C.
You also ask if the security of examination items can be maintained during the administrative hearing held pursuant to s120.57(1), F.S., which is a latter part of the examination review process. Inherent in your question is the concern that, while the merit of particular examination questions and veracity of answers is being deliberated in a formal hearing, the content of the contested questions and answers will become known to future examinees and participants in the hearing, and that the security of examinations will be compromised. As noted above, these examination materials are subject to discovery prior to an administrative hearing, and admission into evidence in such a hearing, and it is difficult to conceive of a situation in which the content of the questions and answers would not need to be introduced into evidence in order to effectively challenge the grading of examination questions, or the examination itself.
It is my understanding that it is the practice for such s 120.57
hearings to be open to the public pursuant to s 286.011, F.S., in light of the various regulatory boards' role in the review process, see, 455.217(2), F.S., and the legislative delegation of the boards' putative role as hearing officer to an independent hearing officer appointed by the Division of Administrative Hearings. See also, AGO 80-99; ss 120.57(1)(a)1. and120.57(1)(b)9. I cannot agree with your assertion that ss455.217(2) and 455.229 allow the department to hold closed examination review hearings. The exception contained in s 455.229
applies only to s 119.07, and does not operate as an exception to s 286.011. See also, AGO's 80-99 (concluding that the exemption contained in s 455.229 applies only to the Public Records Law and in no way effects an exemption from the Sunshine Law); 80-78. Additionally, my research has not revealed any exemption from s286.011 for these hearings, such as, for example, that contained in s 455.225(3).
In summary, it is my opinion that
 (1) the examination review provided for by s 455.217(2) is limited to the examined and cannot be extended to his attorney or his expert witness(es) prior to the initiation of discovery, such as that allowed by s 120.58(1)(b), F.S., and in connection with his examination review hearing provided for by Rule 21-11.12, F.A.C.
 (2) section 455.229, F.S., does not exempt examination grade review hearings, conducted pursuant to s 120.57, from the `Government-in-the-Sunshine Law.'
Sincerely,
Jim Smith, Attorney General
Prepared by: Anne Curtis Terry, Assistant Attorney General